Ryan D. O'Dea – Bar No. 273478
Rika M. Kido – Bar No. 273780
Yang Yang – Bar No. 361803
**SHULMAN BASTIAN FRIEDMAN BUI & O'DEA LLP**
100 Spectrum Center Drive, Suite 600
Irvine, California 92618
Telephone:      (949) 340-3400
Facsimile:      (949) 340-3000
Email:          ROdea@shulmanbastian.com
                RKido@shulmanbastian.com
                YYang@shulmanbastian.com

Attorneys for John P Pringle,
Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No. 2:25-bk-10314-NB |
| **WILLIAM INSU CHON,** | Chapter 7 |
| Debtor. | Adv. Case No. |
| **JOHN P. PRINGLE, solely in his capacity as the Chapter 7 Trustee for the bankruptcy estate of William Insu Chon,**<br><br>Plaintiff,<br><br>vs.<br><br>**MUN SAM CHON AND MI CHA CHON, individuals,**<br><br>Defendant. | **CHAPTER 7 TRUSTEE'S COMPLAINT FOR:**<br><br>1. **AVOIDANCE OF INTENTIONAL FRAUDULENT TRANSFER AND RECOVERY OF SAME [11 U.S.C. §§ 544, 548(a)(1)(A), 550, 551; Cal. Civ. Code §§ 3439, et seq.];**<br><br>2. **AVOIDANCE OF CONSTRUCTIVE FRAUDULENT TRANSFER AND RECOVERY OF SAME [11 U.S.C. §§ 544, 548(a)(1)(B), 550; Cal. Civ. Code §§ 3439, et seq.];**<br><br>3. **DISALLOWANCE OF CLAIMS [11 U.S.C. § 502(d)];**<br><br>4. **SALE OF PROPERTY [11 U.S.C. § 363(h)];**<br><br>5. **UNJUST ENRICHMENT [11 U.S.C. § 105];**<br><br>6. **TURNOVER OF PROPERTY OF THE ESTATE [11 U.S.C. § 542]; AND**<br><br>7. **DECLARATORY RELIEF** |

SHULMAN BASTIAN
FRIEDMAN BUI & O'Dea LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

1

John P. Pringle, the duly appointed, qualified and acting chapter 7 Trustee ("Plaintiff") for the bankruptcy estate ("Estate") of William Insu Chon ("Debtor") in the above-captioned bankruptcy case, alleges as follows:

## I. STATEMENT OF JURISDICTION AND VENUE

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334. This adversary proceeding arises out of and is related to Debtor's bankruptcy case, which was commenced through the filing of a voluntary petition for relief under chapter 7 of the Bankruptcy Code by Debtor on January 16, 2025 in the United States Bankruptcy Court, Central District of California, Los Angeles Division ("Bankruptcy Court"). Venue is proper in this District pursuant to 28 U.S.C. § 1409, as this adversary proceeding arises under title 11 or arises under or relates to a case under title 11 which is pending in this District and does not involve a consumer debt of less than $25,000. This action is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A) (matters concerning the administration of the estate), (b)(2)(E) (orders to turn over property of the estate) and (b)(2)(H) (proceeding to determine, avoid, or recover fraudulent conveyances). Regardless of whether this proceeding is core, non-core, or otherwise, Plaintiff consents to the entry of a final order and judgment by the Bankruptcy Court.

2. To the extent Plaintiff asserts claims under 11 U.S.C. § 544, Plaintiff is informed and believes and based thereon alleges that there exists in this case one or more creditors holding unsecured claims allowable under 11 U.S.C. § 502 or are not allowable under 11 U.S.C. §502(e), who can avoid the respective transfers as set forth hereinafter under California or other applicable law.

## II. PARTIES

3. Plaintiff is the duly appointed, qualified, and acting chapter 7 Trustee for Debtor's Estate, and brings the claims asserted herein in that capacity.

4. Plaintiff is informed and believes and thereon alleges that Mun Sam Chon and Mi Cha Chon ("Defendants"), are and were at all times relevant herein, individuals residing in the County of Los Angeles, State of California. Plaintiff is further informed and believes and thereon alleges that Defendants are Debtor's parents.

SHULMAN BASTIAN
FRIEDMAN BUI & O'DEA LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

2

## III.   GENERAL ALLEGATIONS

5.   On September 29, 2025, Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code ("Petition Date").

6.   On his Statement of Financial Affairs ("SOFA"), Debtor listed a transfer of the real property located at 1022 Amber Lynn Court, Harbor City, CA 90710 ("Property") to Defendants in 2022.[1] Debtor describes the transfer as follows: "Debtor's parents transferred the property to him and [sic] sister because they are getting older and thought it would be a good idea to have them on title. They did not know Debtor was having marital problems and in the process of separating from his wife at the time so they transferred it back a couple of month [sic] later."

7.   After reviewing the public records, Plaintiff believes, and thereon alleges that on November 6, 2023, Debtor executed a Grant Deed ("Grant Deed") transferring his fifty percent (50%) interest in the Property to Defendants ("Transfer"). The Grant Deed was recorded on November 6, 2023 in the Official Records of Los Angeles County, Document No. 20230760610. The Grant Deed reflects that Defendants paid no consideration to Debtor for Debtor's interest in the Property. A true and correct copy of the Grant Deed is attached hereto as **Exhibit 1**.

8.   At the initial Section 341(a) meeting of creditors on February 18, 2025, Debtor testified that the Transfer occurred because he "didn't want it in my name." Debtor also testified that he did not receive any money from Defendants for the Transfer.

9.   Plaintiff is informed and believes and thereon alleges that Debtor used the Property as his home address in his 2023 and 2024 federal tax returns. Both tax returns were filed after the Transfer occurred.

10.   Plaintiff is informed and believes, and thereon alleges, that the Grant Deed transferring Debtor's 50% ownership interest in the Property to Defendants was an attempt to fraudulently shield assets from creditors and/or in anticipation of filing for chapter 7 bankruptcy.

///

///

---

[1] This appears to be a mistake as public records (see below) reflect the transfer occurred in 2023.

## IV.    FIRST CLAIM FOR RELIEF

### Avoidance and Recovery of Intentional Fraudulent Transfer

### [11 U.S.C. § 544, 548(a)(1)(A), 550, 551; California Civil Code § 3439 et seq.]

11.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 10 and incorporates them in this Paragraph by reference.

12.    Plaintiff is informed and believes, and based thereon alleges, that there are present creditors of Debtor who existed at the time of the Transfer and who still remain unpaid as of the Petition Date.  Plaintiff is informed and believes, and based thereon alleges, that future creditors of Debtor existed following the Transfer who remain unpaid as of the Petition Date.

13.    The Transfer as alleged in Paragraph 7 was of Debtor's property. Plaintiff specifically reserves the right to amend this Complaint to allege additional transfers which may become known after further investigation and discovery.

14.    The Transfer was made on or within four (4) years of the Petition Date, but in no event longer than seven (7) years prior to the Petition Date.

15.    The Transfer was made either in anticipation of bankruptcy and/or to prevent Debtor's creditors from collecting.

16.    The Transfer was made with the intent to hinder, delay, or defraud Debtor's creditors, including Plaintiff.

17.    The Transfer was for no consideration or for less than reasonably equivalent value.

18.    The Transfer was made at a time when Debtor was insolvent and/or rendered insolvent by virtue of said Transfer.

19.    The Transfer was to or for the benefit of an insider of Debtor.

20.    The Transfer was of substantially all of Debtor's assets.

21.    The value of consideration received by Debtor for the Transfer was not reasonably equivalent to the value of the asset transferred or the amount of debt incurred.

22.    The Transfer occurred shortly before or after a substantial debt was incurred.

///

///

SHULMAN BASTIAN
FRIEDMAN BUI & O'DEA LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

4

23. Based on the foregoing, Plaintiff may avoid the Transfer and recover the value of the Transfer and/or the Property transferred, with an automatic preservation of the Transfer for the benefit of the Estate, pursuant to 11 U.S.C. §§ 544, 548, 550, and 551, and California Civil Code §§ 3439.04, et seq.

## V. SECOND CLAIM FOR RELIEF

### Avoidance and Recovery of Constructive Fraudulent Transfer

### [11 U.S.C. § 544, 548(a)(1)(B), 550, 551; Cal. Civ. Code § 3439 et seq.]

24. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 23 and incorporates them in this Paragraph by reference.

25. Plaintiff is informed and believes, and based thereon, alleges, that there are present creditors of Debtor who existed at the time of the Transfer and who still remain unpaid as of the Petition Date. Plaintiff is informed and believes, and based thereon alleges, that future creditors of Debtor existed following the Transfer who remain unpaid as of the Petition Date.

26. Plaintiff is informed and believes, and based thereon alleges, that the Transfer was made on or within four (4) years of the Petition Date, but in no event longer than seven (7) years prior to the Petition Date.

27. Plaintiff is informed and believes, and based thereon alleges, that the Transfer was made: (a) for less than reasonably equivalent value, or any value, and (b) at a time when Debtor was insolvent and/or was rendered insolvent by virtue of the Transfer, and (c) while Debtor intended to incur, or believed, or reasonably should have believed Debtor would incur debts beyond Debtor's ability to pay them as they became due, and (d) for the benefit of an insider.

28. Based on the foregoing, Plaintiff may avoid the Transfer and recover the value of the Transfer and/or the property transferred, with an automatic preservation of the Transfer for the benefit of the Estate pursuant to 11 U.S.C. §§ 544, 548, 550, and 551, and California Civil Code §§ 3439.04, et seq.

///

///

///

SHULMAN BASTIAN
FRIEDMAN BUI & O'DEA LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

## VI.    THIRD CLAIM FOR RELIEF

### Disallowance of Claims by Defendants

### [11 U.S.C. § 502(d)]

29.    Plaintiff hereby incorporates by reference paragraphs 1 through 10 and realleges these paragraphs as though set forth in full.

30.    Plaintiff is informed and believes, and based thereon alleges, that Defendants received an avoidable transfer and are each a party from whom such transfers are recoverable pursuant to 11 U.S.C. §§ 550 and 551.

31.    Defendants have not paid the amount or turned over any such property for which Defendants is liable under 11 U.S.C. §§ 522(i), 542, 543, 544, 550 and 553.

32.    Pursuant to 11 U.S.C. § 502(d), to the extent Defendants file a claim against the Estate, such claim should be disallowed.

## VII.    FOURTH CLAIM FOR RELIEF

### Sale of Interests of Estate and Co-Owner in Property

### [11 U.S.C. § 363(h)]

33.    Plaintiff hereby incorporates by reference paragraphs 1 through 10 and realleges these paragraphs as though set forth in full.

34.    Debtor listed the Transfer on his SOFA.

35.    After the Transfer is avoided and the Property is recovered for the Estate, Debtor will own a twenty-five percent (25%) interest and Defendants will own a seventy-five percent (75%) interest in the Property.

36.    Partition in kind of the Property between the Estate and Defendants is impracticable and cannot be made without extreme prejudice to the Estate and Defendants.

37.    A sale solely of the Estate's undivided beneficial interest in the Property would realize significantly less for the Estate than a sale of the Property free of the interests of Defendants.

38.    The benefit to the Estate of a sale of the Property free of the interests of Defendants outweighs the detriment, if any, to Defendants.

///

SHULMAN BASTIAN
FRIEDMAN BUI & O'DEA LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

6

39. Plaintiff is informed and believes and based thereon alleges that the Property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power.

40. Any proposed sale of the Property will be conducted pursuant to and in accordance with 11 U.S.C. § 363, Federal Rule of Bankruptcy Procedure 6004 and Local Bankruptcy Rule 9013-1 upon a noticed motion to be filed in Debtor's main bankruptcy case. Pursuant to such a motion, Plaintiff will provide for a distribution to Defendants and to the Estate, of the net proceeds of the sale, and subject to the prior satisfaction of all valid taxes, liens, charges, interests, or encumbrances on the Property.

## VIII.    FOURTH CLAIM FOR RELIEF

### Unjust Enrichment

### [11 U.S.C. § 105]

41. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 10 and incorporates them in this Paragraph by reference.

42. Defendants received a benefit through the Transfer and Defendants' retention of the Transfer and/or the value of the Transfer results in unjust retention of said benefit at the Estate's expense.

## IX.    FIFTH CLAIM FOR RELIEF

### Turnover

### [11 U.S.C. § 542]

43. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 10 and incorporates them in this Paragraph by reference.

44. After the Transfer is avoided and the Property is recovered for the Estate, Plaintiff alleges that Defendants are wrongfully in possession, custody, and control of the Property that should have belonged to Debtor, and Defendants do not have Plaintiff's consent to be in possession of the Property.

45. The Property may be used by Plaintiff in connection with his administration of the Estate.

46.    Plaintiff seeks to recover the Property from Defendants and thus demands Defendants turn over the Property to Plaintiff.

47.    Pursuant to 11 U.S.C. § 542, Plaintiff is entitled to turnover of the Property held by Defendants.

## X.    SIXTH CLAIM FOR RELIEF

### Declaratory Relief

### [28 U.S.C. §§ 2201–2202]

48.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 10 and incorporates them in this Paragraph by reference.

49.    An actual and justiciable controversy has arisen and now exists between Plaintiff and Defendants concerning their respective rights, duties, and obligations with respect to the Transfer alleged herein.

50.    A judicial declaration is necessary and appropriate to determine the parties' rights and obligations and to afford Plaintiff complete relief.

**WHEREFORE**, Plaintiff prays that judgment be entered as follows:

1.    The Transfer is voided and recovered under 11 U.S.C. § 544, 548, 550, 551 and/or Cal. Civ. Code §§ 3439 *et seq.*;

2.    The Transfer is preserved for the benefit of the Estate pursuant to 11 U.S.C. § 551;

3.    Disallowance of any claims of Defendants if they fail or refuse to turn over the Property and/or the value of the Property, pursuant to 11 U.S.C. § 502(d);

4.    Upon the Transfer being voided and recovered for the Estate, that Plaintiff is authorized to sell all interests of the Estate and of Defendants in the Property under 11 U.S.C. § 363(h);

5.    Upon the Transfer being voided and recovered for the Estate, granting turnover of the Property pursuant to 11 U.S.C. § 542;

6.    Granting declaratory relief that Plaintiff has the right to the Property for purposes of collection and enforcement of amounts owed to the Estate; and

///

7.      For such other and further relief as the Bankruptcy Court may deem just and proper under the circumstances of this case.

**SHULMAN BASTIAN FRIEDMAN BUI & O'DEA LLP**

DATED:  May 13, 2026

By:          /s/ Rika M. Kido
             Ryan D. O'Dea
             Rika M. Kido
             Yang Yang
             Attorneys for John P Pringle, Chapter 7 Trustee
             for the bankruptcy estate of William Insu Chon

SHULMAN BASTIAN
FRIEDMAN BUI & O'DEA LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

9

# EXHIBIT 1

 

**This page is part of your document - DO NOT DISCARD**



# 20230760610



**Pages:
0004**

**Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California**

**11/06/23 AT 12:10PM**

| | |
|---|---|
| FEES: | 28.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 28.00 |





**L E A D S H E E T**



202311063270011

00023932056



014379281

**SEQ:
01**

DAR - Counter (Upfront Scan)



**THIS FORM IS NOT TO BE DUPLICATED**

E534321

RECORDING REQUESTED BY

Mun Sam Chon and  Mi Cha  Chon

AND WHEN RECORDED MAIL DOCUMENT TO:

NAME  Mun Sam Chon  and  Mi Cha  Chon

STREET ADDRESS

1022  AMBER  LYNN  CT

CITY, STATE &
ZIP CODE

HARBOR CITY , CA. 90710

SPACE ABOVE FOR RECORDER'S USE ONLY

## GRANT   DEED

Title of Document

Pursuant to Assembly Bill 1466 – Restrictive Covenant (GC Code Section 27388.2), effective January 1, 2022, a fee of two dollars ($2) for recording the first page of every instrument, paper, or notice required or permitted by law to be recorded per each single transaction per parcel of real property, except those expressly exempted from payment of recording fees, as authorized by each county's board of supervisors and in accordance with applicable constitutional requirements.

Pursuant to Senate Bill 2 – Building Homes and Jobs Act (GC Code Section 27388.1), effective January 1, 2018, a fee of seventy-five dollars ($75.00) shall be paid at the time of recording of every real estate instrument, paper, or notice required or permitted by law to be recorded, except those expressly exempted from payment of recording fees, per each single transaction per parcel of real property. The fee imposed by this section shall not exceed two hundred twenty-five dollars ($225.00).

☐ Exempt from fee per GC 27388.1(a)(2) and 27388.2 (b); recorded in connection with a transfer subject to the imposition of documentary transfer tax (DTT).

☑ Exempt from fee per GC 27388.1(a)(2) and 27388.2 (b); recorded in connection with a transfer of real property that is a residential dwelling to an owner-occupier.

☐ Exempt from fee per GC 27388.1 (a) (1); fee cap of $225.00 reached.

☐ Exempt from the fee per GC 27388.1 (a) (1); not related to real property.

**THIS COVER SHEET ADDED TO PROVIDE ADEQUATE SPACE FOR RECORDING INFORMATION**
**($3.00 Additional Recording Fee Applies)**

RECORDING REQUESTED BY
Mun Sam Chon and Mi Cha Chon

AND WHEN RECORDED MAIL DOCUMENT AND
TAX STATEMENT TO:

NAME Mun Sam Chon and Mi Cha Chon

STREET   1022 Amber Lynn Ct.
ADDRESS

CITY, STATE &  Harbor City , CA.
ZIP CODE    90710

TITLE ORDER NO. _____

ESCROW NO. _____

SPACE ABOVE THIS LINE FOR RECORDER'S USE ONLY

# GRANT DEED

TRA: _____

APN: 7409-016-022 _____

| The undersigned grantor(s) declare(s) |
| --- |
| DOCUMENTARY TRANSFER TAX   $ 0 _____ |
| ☑ computed on full value of property conveyed, or |
| ☐ computed on full value less liens and encumbrances remaining at time of sale. |
| ☐ Unincorporated Area        City of Harbor City _____ |

FOR VALUABLE CONSIDERATION, receipt of which is hereby acknowledged, I (We) Susan Gabor, a Married Woman , as her sole and separate property and William I. Chon , a Married Man as his sole and separate property.
(NAME OF GRANTOR(S))

hereby remise, release and grant to Mun Sam Chon and Mi Cha Chon, Husband and Wife as Community Property with Right of Survivorship.
(NAME OF GRANTEE(S))

the following described real property in the City of _____ Harbor City _____ ,County of ____ Los Angeles ____ .
State of California _____ .

(Insert Legal Description)
Lot 4 of Tract 52665, in the City of Harbor City, County of Los Angeles , California as per map recorded in Book 1245 , Page(s) 96 and 97, Inclusive of Maps in the office of the County Recorder of said County. Also known as : 1022 Amber Lynn Ct. Harbor City, California 90710. " This is a bona fide Gift and Grantor received nothing in return , R & T 11911 "

DATED: October 23 , 2023 _____

Name Susan Gabor

NOV. 06, 2023

Name William I. Chon

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA           }
COUNTY OF Los Angeles         }

On NOV. 06, 2023 ____ before me, _____ Doo Hyung Yoo , Notary Public _____ personally appeared
(here insert name and title of the officer)
WILLIAM I. CHON _____
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____ (SEAL)

DOO HYUNG YOO
Notary Public - California
Los Angeles County
Commission # 2339144
My Comm. Expires Dec 4, 2024

MAIL TAX STATEMENT AS DIRECTED ABOVE

# NOTARY ACKNOWLEDGMENT

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of ___GEORGIA___

County of ___FORSYTH___

On ___10/23___, 20_23_ before me, TRACY D. HORENSTEIN, NOTARY PUBLIC (name and title of officer), personally appeared ___SUSAN GABOR___, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that she/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of _GEORGIA_ that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____

Print Name TRACY D. HORENSTEIN

Tracy D. Hohenstein
NOTARY PUBLIC
Forsyth County
State of Georgia
My Comm. Expires January 27th, 2026

Page 1 of 1

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS<br>JOHN P. PRINGLE, solely in his capacity as the chapter 7 Trustee for the bankruptcy estate of William Insu Chon | DEFENDANTS<br>MUN SAM CHON AND MI CHA CHON, individuals |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>Rika M. Kido, Esq.<br>SHULMAN BASTIAN FRIEDMAN BUI & O'DEA LLP<br>100 Spectrum Center Drive, Suite 600, Irvine, CA 92618<br>Telephone: (949) 340-3400 | ATTORNEYS (If Known) |
| PARTY (Check One Box Only)<br>☐ Debtor        ☐ U.S. Trustee<br>☐ Creditor      ☐ Other<br>☒ Trustee | PARTY (Check One Box Only)<br>☐ Debtor        ☐ U.S. Trustee<br>☐ Creditor      ☒ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Chapter 7 Trustee's Complaint for: 1. Avoidance and Recovery of Intentional Fraudulent Transfer [11 U.S.C. §§ 544, 548(a)(1)(A), 550, 551; Cal. Civ. Code §§ 3439, et. seq.]; 2. Avoidance and Recovery of Fraudulent Transfer [11 U.S.C. §§ 544, 548(a)(1)(B), 550; Cal. Civ. Code §§ 3439, et. seq.]; 3. Disallowance of Claims [11 U.S.C. § 502(D)]; 4. Sale of Property [11 U.S.C. § 363(h)]; 5. Unjust Enrichment [11 U.S.C. § 105]; 6. Turnover of Property of the Estate [11 U.S.C. § 542]; and 7. Declaratory Relief

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
- [4] 11-Recovery of money/property - §542 turnover of property
- [ ] 12-Recovery of money/property - §547 preference
- [1] 13-Recovery of money/property - §548 fraudulent transfer
- [2] 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
- [ ] 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
- [3] 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
- [ ] 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
- [ ] 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
- [ ] 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
- [ ] 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
- [ ] 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
- [ ] 61-Dischargeability - §523(a)(5), domestic support
- [ ] 68-Dischargeability - §523(a)(6), willful and malicious injury
- [ ] 63-Dischargeability - §523(a)(8), student loan
- [ ] 64-Dischargeability - §523(a)(15), divorce or separation obligation
- [ ] 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
- [ ] 71-Injunctive relief – imposition of stay
- [ ] 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
- [ ] 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
- [5] 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
- [ ] 01-Determination of removed claim or cause

**Other**
- [ ] SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
- [ ] 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>William Insu Chon | BANKRUPTCY CASE NO.<br>2:25-bk-10314-NB | |
| DISTRICT IN WHICH CASE IS PENDING<br>Central District | DIVISION OFFICE<br>Los Angeles Division | NAME OF JUDGE<br>Honorable Neil Bason |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>/s/ Rika M. Kido | | |
| DATE<br><br>5/13/26 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Rika M. Kido | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form B1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.